UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| JACQUN J. WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV623-011 |
| | ) | |
| BILL BLACK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), (doc. no. 6), to which Plaintiff has filed an Objection, (doc. no. 9). For the reasons explained below, the Report and Recommendation is **ADOPTED**, as supplemented. See, e.g., 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

Wells' objection does not specifically identify any defect in the Magistrate Judge's Report and Recommendation. (See doc. 9.) To the extent that his objection is discernable, he objects to the Magistrate Judge's conclusion that he failed to state a claim based on his allegation that he was denied visitation. (Id.) He points out that the constitutionality of the conditions of confinement imposed upon pretrial detainees are, often, subject to distinct standards. (Id. at 1.) However, the Magistrate Judge noted authority that pretrial detainees have a right to reasonable visitation privileges. (Doc. no. 6 at 3-4.) The Magistrate Judge concluded, despite recognizing the distinction between

convicted prisoners and pretrial detainees, that Wells had not alleged sufficient facts to support such a claim. (Id. at 4 (citing Iqbal v. Ashcroft, 556 U.S. 662, 678 (2009)).)

The only fact that Wells identifies in his Objection is the Magistrate Judge's recognition of his allegation of the length of his detention without visitation. (Doc. no. 9 at 1 (quoting doc. no. 6 at 2).) The Magistrate Judge did note that allegation, but only after explaining that the chronology of the events in Wells' Complaint were "confused." (Doc. no. 6 at 2.) In particular, the Magistrate Judge noted the apparent inconsistency in Wells' allegation that some unidentified official placed him in the Bulloch County Jail holding cell "for 120 days and not allowing [sic] anyone to go near the holding cell," (doc. no. 1 at 8), and his allegation that he was seen by several doctors "[w]hile [he] was being housed in the holding cell . . . ," (id.). (See doc. 6 at 2.) Wells objection does not explain why his ambiguous allegation concerning the duration of his confinement in the holding cell is sufficient to state a claim. (See doc. no. 9.)

Among the various cases he cites, Wells identifies the Eleventh Circuit's opinion in Magluta v. Samples, 375 F.3d 1269 (11th Cir. 2004). (Doc. no. 6 at 1.) Magluta explains that "[d]ue process requires that a pretrial detainee not be punished prior to a lawful conviction." Id. at 1273 (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)). "The determination of whether a condition of pretrial detention amounts to punishment turns on whether the condition is imposed for the purpose of punishment or whether it is incident to some legitimate government purpose." Id. (citation omitted). In Magluta, the court was concerned that the district court failed to draw reasonable inferences concerning the punitive character of the conditions in the plaintiff's favor. (Id. at 1274 (discussing the district court's determination that "there was a legitimate purpose" for the conditions imposed). Here, by contrast, the Magistrate Judge explained that Wells'

Complaint "lack[ed] any specific allegations concerning the circumstances of the denial" of visitation. (Doc. no. 6 at 4.) Unlike the error identified in Magluta, therefore, the Magistrate Judge did not draw mistaken inferences. He simply recognized the lack of any allegations from which to infer a punitive purpose.[1] After a careful de novo review of the Report and Recommendation, the Court finds that Wells has failed to state a claim upon which relief can be granted arising out of the denial of visitation during his pretrial detention.

Accordingly, Wells' claims arising from denial of visitation, his mother's death, and various doctors' alleged failure to properly diagnose or treat his medical condition are **DISMISSED**. Since the only claim that remains pending is Wells' deliberate-indifference claim against Defendant Black, (see doc. no. 8 (Waiver of Service)), the Clerk is **DIRECTED** to **TERMINATE** all anonymous defendants.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of May, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] To the extent that Wells contends that the duration of his confinement alone is sufficient to support an inference of punitive intent, his argument fails. Magluta, for example, recognized that the plaintiff was held in solitary confinement. See 375 F.3d at 1271. However, the duration of that confinement far exceeded the 120 days Wells alleges. See id. (noting the plaintiff was "placed in administrative detention . . . in conditions constituting solitary confinement for more than five hundred days . . . .") Moreover, Magluta noted factual allegations, beyond the duration of confinement, supporting an inference of punitive intent. Id. at 1274. There are no discernible corresponding allegations in Wells' Complaint.