UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JACQUN J. WELLS,                        )
                                        )
              Plaintiff,                )
                                        )
v.                                      )          CV623-011
                                        )
BILL BLACK,                             )
                                        )
              Defendant.                )

## ORDER AND REPORT AND RECOMMENDATION

After screening, the Court approved *pro se* plaintiff Jacqun J. Wells'

claim that Defendant Black was deliberately indifferent to his serious

medical needs for service. *See generally* doc. 6. Defendant appeared and

moved to dismiss. *See* doc. 11. Wells filed an "objection" to the Motion,

doc. 15, which the Court, following Defendant, construes as his response.

*See* doc. 17. Defendant filed a reply in support of his Motion. *Id.* The

deadline for any further briefing has passed. *See* S.D. Ga. L. Civ. R. 7.6.

The Motion is, therefore, ripe for disposition.

Before the Court reaches Defendant's Motion to Dismiss, it must

address several motions filed by Wells. First, Wells moves for a ninety-

day extension "for his Statement of Clame [sic]," because he is

1

hospitalized for an unspecified surgery. *See* doc. 20. Since a "Statement of Claim" is not contemplated by the Federal Rules, nor is the Court aware of any such requirement imposed outside of the Federal Rules, his request is, charitably, confusing. As discussed below, Wells has responded to Defendant's Motion to Dismiss and the deadline for further briefing has expired. The Court is, therefore, unaware of any deadline pending in this case which Wells might seek to extend. Since his Motion does not request any available relief, it is **DISMISSED** as moot. Doc. 20. The Court might extend his deadline to respond to this Report and Recommendation, but, as discussed below, he also seeks injunctive relief that appears urgent. *See* doc. 22. While Wells remains free to seek an extension of any applicable deadline, final expeditious resolution of that request weighs against *sua sponte* extensions.

Wells has also moved for appointed counsel. *See* doc. 21. First, Wells has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only

in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "[T]his Court has repeatedly found that prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigation in a case while incarcerated." *Holzclaw v. Milton*, 2019 WL 1474398, at * 1 (S.D. Ga. Apr. 3, 2019) (internal quotation marks and citation omitted); *see also Bell v. Lamb*, 2021 WL 1954739, at * 3 (S.D. Ga. Mar. 30, 2021). General lack of education, including legal education, is also not a sufficient basis to require appointment of counsel. *See, e.g., Brown v. Wilcher*, 2021 WL 411508, at *1 (S.D. Ga. Feb. 5, 2021).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need

3

such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010)

(quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).  Wells'

pleadings are clear and cogent, and there is no indication that he has any

difficulty presenting "the essential merits" of his claims to the Court.

Moreover, as discussed below, this case should be dismissed as Wells

failed to exhaust administrative remedies, as required under the Prison

Litigation Reform Act.  To the extent that his request for counsel relies

on asserted difficulties in developing the factual record or trying this

case, those arguments are moot, given his failure to exhaust.  *See* doc. 21

at 3-5.    There  is,  therefore,  no  indication  of  any  "exceptional

circumstance" that warrants appointment of counsel.  *Fowler*, 899 F.2d

at 1096.  Wells' Motion is, therefore, **DENIED**.  Doc. 21.

Finally, Wells has filed a Motion, although titled a "Memorandum,"

seeking preliminary injunctive relief.  *See* doc. 22.  After summarizing

the facts of his complaints about the medical care he received while

incarcerated at Bulloch County Jail, he states that he seeks relief against

"the prison Medical Administrator, who is responsible for arranging

specialized medical care . . . , and the Deputy Warden for Administration,

who  is  responsible  for  getting  prisoners  to  their  outside  medical

appointments." *Id.* at 3.  He then explains, although somewhat vaguely,

that he seeks an injunction requiring prison officials to take him "to a

suitable doctor and then carrying out the doctor's orders . . . ."  *Id.* at 5.

Defendant Black, who is the only defendant remining in this action,

responded to Wells' filing and points out that it "appears to seek a

Preliminary Injunction related to his current medical care in Augusta,

Georgia."  Doc. 23 at 1.  He points out that he "has no control over [Wells']

medical care . . . ."  *Id.* at 1 n. 2.

Without addressing the apparent merits of Wells' request, the fact

that it seeks relief against parties who are not defendants in this case is

a fatal defect.  Both the Supreme Court and the Eleventh Circuit have

recognized that it is, generally, error for a district court to enter an

injunction against a nonparty.  *See Zenith Radio Corp. v. Hazeltine*

*Research, Inc.*, 395 U.S. 100, 112 (1969); *Infant Formula Antitrust Litig.,*

*MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842-43 (11th Cir. 1995).  As

other courts have succinctly stated, courts "lack[ ] jurisdiction to issue an

injunction against a non-party."   *Dipietro v. Lockhart*, 2022 WL

17588299, at *1 (M.D. Ga. July 5, 2022); *see also Hunter v. Harris*, 2017

WL 11428590, at *1 (N.D. Ga. May 2, 2017).   Since none of the parties

Wells seeks to enjoin are parties to this case, his Motion for Preliminary Injunction should be **DENIED**.  Doc. 22.

Although Wells' Complaint includes allegations challenging several of the conditions of his pre-trial detention at Bulloch County Jail, the only claim that remains pending is his claim that Defendant Black was deliberately indifferent to his serious medical needs.  *See* doc. 6.  Wells alleges that several weeks after he was incarcerated, he "started breaking out in insufferable, painful rashes and blisters, forming on his nose, cheeks, arms, etc."  Doc. 1 at 7.  He was ultimately taken to an unidentified doctor, who was unable to diagnose Wells' condition and recommended that Wells be taken to a hospital.  *Id.*  Wells alleges that Black expressly refused to follow the doctor's advice because he "did not have enough staff to watch Plaintiff . . . ."  *Id.*  After Wells returned to the jail, his condition deteriorated.  *Id.* at 8-9.  At his sentencing for an unspecified state-court conviction, the sentencing judge directed that he be taken for medical evaluation.  *Id.* at 9.  He was taken to several facilitates and ultimately diagnosed with sarcoidosis.  *Id.*  Defendant Black argues that "Plaintiff's Complaint is subject to dismissal for at least two reasons": (1) his allegations concerning his medical treatment

are insufficient to allege Black's deliberate indifference, and (2) Wells failed to exhaust available administrative remedies.  *See* doc. 11-1 at 3.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a).  Exhaustion of available remedies is mandatory; "[a]nd that mandatory language means a court may not excuse a failure to exhaust, even to take [special] circumstances into account."  *Ross v. Blake*, 578 U.S. 632, 639 (2016).  The statute's plain language "means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court."  *Leal v. Georgia Dept. of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (internal quotation marks and citation omitted).   "To exhaust administrative remedies in accordance with the PLRA, prisoners must *properly* take each step within the administrative process."  *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (emphasis added) (internal quotation marks and citation omitted); *see also Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (holding "that proper exhaustion of administrative remedies is necessary," to satisfy the

PLRA).  "Where exhaustion . . . is treated as a matter in abatement and

not an adjudication on the merits, it is proper for a judge to consider facts

outside of the pleadings and to resolve factual disputes so long as the

factual disputes do not decide the merits [of the underlying claims] and

the parties have sufficient opportunity to develop a record."  *Bryant,* 530

F.3d at 1376.

When a defendant files a motion to dismiss based on a prisoner's

failure to exhaust administrative remedies, the Court follows a two-step

process.  *See Turner v. Burnside*, 541 F.3d 1077, 1082-83 (11th Cir. 2008).

As the Eleventh Circuit has explained:

> First, the court looks to the factual allegations in the
> defendant's motion to dismiss and those in the plaintiff's
> response, and if they conflict, takes the plaintiff's version of
> the facts as true.  If, in that light, the defendant is entitled to
> have the complaint dismissed for failure to exhaust
> administrative remedies, it must be dismissed.  [Cit.]  . . . If
> the complaint is not subject to dismissal at the first step, . . .,
> the court then proceeds to make specific findings in order to
> resolve the disputed factual issues related to exhaustion.
> [Cit.]  The defendants bear the burden of proving plaintiff has
> failed to exhaust his administrative remedies.

*Id.* at 1082 (citations omitted).  "[O]nce [the defendant's] burden has been

met, the burden of going forward shifts to the plaintiff, who . . . must

demonstrate that the grievance procedure was 'subjectively' and

'objectively' unavailable to him." *Geter v. Baldwin State Prison*, 974 F.3d 1348, 1356 (11th Cir. 2020).

Defendant concedes that Wells' Complaint alleges that he filed a grievance, that it was never addressed, and that he could not pursue further administrative remedies "due to Bulloch officials circumventing their grievance system's policy and procedures." Doc. 1 at 12; *see* doc. 11-1 at 6.  Black, however, has submitted an affidavit from Kenneth Thompson, Jail Administrator for the Bulloch County Jail, who testifies that there is no record that Wells filed any grievance related to his allegations.  *See* doc. 11-1 at 6-7; *see also* doc. 11-2 at 1-2.  Black further points out that Wells has not "provide[d] a date on which he allegedly submitted his alleged grievance or state with who[m] he filed a grievance . . .[, n]or does he describe any steps taken to appeal his grievance."  Doc. 11-1 at 8.  "Moreover, Plaintiff does not allege that he took any steps to exhaust his administrative remedies upon his transfer to the Georgia Department of Corrections . . . even though he did not file his Complaint until nearly a year later."  *Id.* at 12.

Although much of Wells' response to Black's Motion is concerned with the merits of his underlying claim, he does address the exhaustion

argument. *See* doc. 15 at 4. He alleges, somewhat confusingly, that he "exhaust[ed] administrative remedies best he could, and being the medication condition Plaintiff was in at the time." *Id.* He also points out that "the jail was sometimes on lock down, where Plaintiff could not access an appeal due to no access to the kiosk during these lock-down periods." *Id.* Black's Reply points out that nothing in Wells' response explains "the absence of a grievance regarding the allegations in his Complaint, nor . . . identifie[s] an out-of-time grievance," filed either at Bulloch County Jail or through the Georgia Department of Corrections. Doc. 17 at 3.

Given Wells' original allegations and his opposition to the Motion to Dismiss, resolution of the dispute at the first *Turner* step would be inappropriate. The Court, therefore, proceeds to the second step. As the Eleventh Circuit has explained, the Defendant's initial burden is to show that the administrative remedy is "generally available." *See Wright v. Georgia Dept. of Corrs.*, 820 F. App'x 841, 845 (11th Cir. 2020). To the extent that Wells even disputes it, it is clear that Black has borne his initial burden. Thompson's affidavit and exhibits show that there was a grievance procedure "generally available" at Bulloch County Jail. *See*

*generally* doc. 11-2.  Thus, under *Turner*, the burden shifts to Wells to show that the procedure was unavailable.  *Geter*, 974 F.3d at 1356.  He has not borne that burden.

While *Ross* unequivocally rejected any circumstantial exception to the PLRA's exhaustion requirement, it also recognized that the requirement "hinges on the 'availability' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones."  578 U.S. at 642 (alterations omitted).  A remedy is "available" when it is "capable of use to obtain some relief for the action complained of."  *Id.* (internal quotation marks and citation omitted).  Some courts have recognized that "a prisoner who is injured or undergoing significant medical treatment faces a substantial obstacle to making use of administrative remedies, and if the prison will not accommodate such injury or medical treatment but will treat the grievance as untimely, administrative remedies become effectively unavailable."  *Rucker v. Giffen*, 997 F.3d 88, 94 (2d Cir. 2021).  However, the Eleventh Circuit has held that "temporary obstacles that prevent the submission of a timely grievance—such as a lockdown, a transfer, or a refusal by prison officials to provide the necessary forms—do not make

administrative remedies unavailable where prisoners may request consideration of untimely grievances for good cause." *Abram v. Leu*, 848 F. App'x 868, 871 (11th Cir. 2021) (citing *Bryant*, 530 F.3d at 1373).

Thompson's testimony and the attached grievances and other administrative inquiries submitted by Wells between June 2021, when he alleges he arrived at Bulloch County Jail, and March 2022, when he alleges he was hospitalized, *see* doc. 1 at 6, 9, indicate that Wells knew of that procedure and was able to use it. *See* doc. 11-3 at 5-6, 27, 31, 33, 39, 43. Given that showing, and Wells' general lack of response, Wells has not borne his burden to show that the grievance process was "subjectively and objectively unavailable to him." Wells' reference to lockdowns and his inability to access a kiosk also fail to show that the procedure was unavailable to him. By its terms, the procedure states that "grievance forms may be obtained upon request from the jail officer supervising the housing unit." Doc. 11-2 at 5. Even if Wells' illness impeded his ability to file grievances for some period, he does not explain why it prevented him from filing *any* grievances. Whether Wells could access a kiosk does not indicate how that lack of access allegedly prevented him from requesting or obtaining the required form. *See* doc. 15 at 4. In the

absence of any explanation for why he did not file any grievance at any

time related to the incident at issue, Wells has failed to show that the

grievance procedure at Bulloch County Jail was either subjectively or

objectively unavailable to him.

While the parties' references to the Georgia Department of

Corrections grievance process are suggestive, neither has made a

sufficient showing either to establish whether or how they were

"generally available" to Wells or how Wells might contend they were

unavailable.[1]   Despite that ambiguity, however, the above analysis

supports the conclusion that Wells, at least, failed to exhaust the

administrative remedies available to him at Bulloch County Jail and he

does not contend that he invoked any remedies through the Georgia

Department of Corrections after his transfer.   Given the applicable

---

[1] The United States District Court for the Middle District of Georgia has found that, even where a county detention center's grievance procedures were unavailable to a plaintiff, the obstacle was removed "once Plaintiff was transferred to another facility and was then able to seek to file an out-of-time grievance." *Wright v. Saulsbury*, 2021 WL 282108, at *4 (M.D. Ga. Jan. 6, 2021).  As the Eleventh Circuit similarly found in *Bryant*, that even supposing one prison lacked available grievance procedures at one prison, the availability of such a procedure after a transfer requires exhaustion.  *See Bryant*, 530 F.3d at 1373.  Although both parties appear to recognize the existence of a grievance procedure for inmates in the custody of the Georgia Department of Corrections, *see* doc. 11-1 at 13, doc. 15 at 2-3, no party has presented evidence concerning that policy or Wells' use of it.

burdens of proof, therefore, Black's Motion should be **GRANTED**. Doc. 11, in part.

In summary, Wells' request for appointed counsel is **DENIED**. Doc. 21. His request for an extension of time "for his Statement of Cla[i]m[ ]," is **DISMISSED as moot**. Doc. 20. His request for a preliminary injunction against officials at his current institution should be **DENIED**, as they are not parties to this action. Doc. 22. Black's Motion to Dismiss should be **GRANTED, in part**, to the extent that it seeks dismissal because Wells failed to exhaust available administrative remedies. Doc. 11, in part. Wells' Complaint should, therefore, be **DISMISSED without prejudice**. *See, e.g., Brown v. Georgia Dept. of Corrs.*, 2023 WL 5529686, at *1 (11th Cir. Aug. 28, 2023) (affirming dismissal without prejudice for failure to exhaust administrative remedies). Given the possibility that Wells might seek to exhaust available remedies, without speculating on whether those attempts would or could be successful, the Court should decline to reach Black's alternative argument that Wells' allegations fail to state a claim upon which relief can be granted. *See* doc. 11-1 at 13-18. His Motion to Dismiss should, therefore, be **DISMISSED, in part**, as moot. Doc. 11, in part.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 6th day of February, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA