UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JACQUN J. WELLS,           )
                           )
          Plaintiff,    )
                           )
v.                        )          CV623-011
                           )
BILL BLACK,             )
                           )
          Defendant.   )

**ORDER**

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), (doc. no. 25), to which Plaintiff has filed an Objection (doc. no. 31).[1]  For the reasons explained below, the Report and Recommendation is **ADOPTED**, as supplemented.  See, e.g., 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

Plaintiff Jacqun J. Wells filed this 42 U.S.C. § 1983 case alleging he was subjected to unconstitutional conditions as a pretrial detainee at the Bulloch County Jail.  (See doc. no. 6 at 2-3.)  After the screening required by 28 U.S.C. § 1915A, the only claim that remains pending is Wells' claim that Defendant Black was deliberately indifferent to his serious medical needs.  (See doc. no. 10 at 3.)  As relevant to that claim, Wells alleges that, shortly after arriving at Bulloch County Jail, he began to suffer a painful skin condition.  (See doc. 6 at 2.)  He was taken to an unidentified doctor in Savannah, Georgia, who was

---

[1] Wells' Objection is unsigned.  (See doc. no. 33.)  Although the Clerk directed him to correct the deficiency, (id.), for the reasons explained below, his Objection does not alter the Court's analysis of Magistrate Judge's recommendation that Defendant's Motion to Dismiss be granted and this case dismissed.  Correction of the defect is, therefore, moot.

unable to reach a diagnosis. (Id.) That doctor recommended, however, that Wells be admitted to a hospital. (Id.) Black allegedly refused to follow that advice. (Id.) After multiple appointments with different physicians, Wells was ultimately diagnosed with sarcoidosis. (Id. at 3.)

Black moved to dismiss Wells' claim based on Wells' failure to exhaust available administrative remedies and challenged the sufficiency of his allegations. (See generally doc. 11.) Wells responded to that Motion, (doc. no. 15), and Black replied, (doc. no. 17.) After conducting the analysis mandated in Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008), the Magistrate Judge recommends that Black's Motion be granted, because the record shows that Wells failed to exhaust the administrative remedies available at Bulloch County Jail and did not bear his burden to show that those remedies were either subjectively or objectively unavailable. (Doc. no. 25 at 8-14.)

Wells has filed a "response" to the Magistrate Judge's Report and Recommendation, which the Court construes as his objection. (Doc. no. 31.) After reasserting the allegations underlying his deliberate indifference claim,[2] and discussing his requests for appointed counsel and for injunctive relief, addressed below, he briefly

---

[2] The Court notes that the allegations in Wells' most recent filing are not identical to his original allegations. In particular, Wells alleges that "shortly after [Wells was seen by the unidentified Savannah physician, he] was transferred to August[a] State Medical Prison in Grovetown, Georgia." (Doc. no. 31 at 3.) It is unclear how that allegation is consistent with his prior allegation, which is restated in his "Response," that, after being taken to the hospital, he was returned to Bulloch County Jail and held in segregated confinement for 120 days. (Id. at 2; see also doc. no. 1 at 7-8.) However, as the Magistrate Judge's screening Order noted, the chronology of the medical treatment Wells received at Bulloch County Jail is "confused." (Doc. no. 6 at 2.) Wells' Complaint alleges that, between December 2021, when he was examined at the Savannah hospital, and March 2022, when the state court judge who sentenced him directed him to be transferred for treatment and he was taken to the Georgia Diagnostic Center in Jackson, Gorgia, he was examined by three other doctors. (Doc no. 1 at 7-8.) It is possible that the transfer to Augusta State Medical Prison is the vaguely described evaluation by the "second doctor." (See id. at 8.) Since the ambiguities on Wells' allegations do not affect the analysis of his exhaustion of administrative remedies, the Court need not address them further.

responds to the exhaustion analysis. (See generally id.) His response to that analysis asserts, in conclusory fashion, that he did file a grievance at Bulloch County Jail, the subject of which is unstated, and that he "is now in the process of receiving two declarations from inmates that was in Bulloch County Jail with him that can witness the Plaintiff's giving said grievance to official [sic]." (Id. at 6 (emphasis and internal punctuation omitted)). The Magistrate Judge's Report and Recommendation expressly cited to grievances Wells filed while at Bulloch County Jail. (Doc. no. 25 at 12 (citing doc. no. 11-3).) There is no question, therefore, that he filed grievances at Bulloch County Jail. His objection does not dispute the conclusion that those grievances were not sufficient to exhaust available administrative remedies. His Objection, therefore, points to no error or omission in the Magistrate Judge's analysis. To the extent that Wells' vague reference seeks to raise additional arguments for exhaustion, not presented to the Magistrate Judge, the Court declines to consider any such argument. See, e.g., Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009).

Since, after a de novo review, the Court agrees with the Magistrate Judge's analysis concerning Wells' failure to exhaust administrative remedies, it **ADOPTS** his recommendation. (Doc. no. 25, in part.) Black's Motion to Dismiss is **GRANTED**. (Doc. no. 11.) Wells' deliberate indifference claim, which is the only claim pending in this case, is **DISMISSED**.

In addition to the Motion to Dismiss, the Magistrate Judge's Report and Recommendation also recommended that Wells' Motion for Preliminary Injunction be denied. (Doc. no. 25 at 4-6.) Wells' "Response," discusses that recommendation, albeit somewhat obliquely. (See doc. 31 at 7.) As the Magistrate Judge summarized, Wells' request for an injunction seeks to require his current custodian at Augusta State Medical

Prison to provide him with medical care. (Doc. no. 25 at 4-5; see also doc. no. 22 at 3, 5 (seeking an injunction that "the prison Medical Administrator . . . and the Deputy Warden for Administration," take "the Plaintiff to a suitable doctor and then carrying out the doctor's orders . . . ."). The Magistrate Judge recommended that Wells' request be denied because it seeks injunctive relief against individuals who are not parties to this case. (Doc. 25 at 5-6.) The Magistrate Judge correctly pointed out that this Court lacks jurisdiction to enter an injunction against nonparties. See, e.g., Holmes v. Williams, No. 6:15-cv-12, 2015 WL 4429092, at *8 (S.D. Ga. July 20, 2015) (citing In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs. 72 F.3d 842, 842-43 (11th Cir. 1995)), adopted 2015 WL 4866223 (S.D. Ga. Aug. 13, 2015).

Several weeks after the Magistrate Judge entered his Report and Recommendation, Wells filed an untimely "reply" to Black's response to his Motion for a Preliminary Injunction. (Doc. no. 27.) Black filed a sur-reply. (Doc. no. 28.) Wells' "reply" simply reasserts his claim that the officer who transported Wells to his original examination at the Savannah-area hospital was deliberately indifferent. (See doc. 27; see also doc. no. 1 at 7.) Since that officer, like the officials at Augusta State Medical Prison, is also not a party to this case, Wells' reply does not undermine the Magistrate Judge's conclusion that injunctive relief is inappropriate.

Wells' response to the Report and Recommendation takes yet another tack; it asserts that Black's failure to provide care is "continuing." (Doc. 31 at 7.) However, it includes no factual allegation that Black, who is Chief Deputy of Bulloch County Jail, has any connection to Augusta State Medical Prison. (See id.) Even supposing Wells was seeking to amend his initial Complaint against Black to assert a claim for injunctive relief,

his transfer would render such a claim moot. See, e.g., McKinnon v. Talladega Cnty., Ala., 745 F.2d 1360, 1363 (11th Cir. 1984).

Accordingly, after a de novo review, the Court agrees with the Magistrate Judge's analysis concerning Wells' request for a preliminary injunction against the Medical Administrator and Deputy Warden for Administration at Augusta State Medical Prison.[3] It therefore **ADOPTS** his recommendation. (Doc. no. 25, in part.) Wells' Motion for Preliminary Injunction is **DENIED**. (Doc. no. 22.)

Wells' Response also discusses the Magistrate Judge's denial of his request for appointed counsel. (See doc. 31 at 4-6.) Wells' Response might be construed as an appeal of the Magistrate Judge's Order. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, given that his new assertions in support of that request were not presented in his original Motion, the Court, instead, construes his assertions as a renewed Motion to Appoint Counsel. The Motion before the Magistrate Judge asserted, generally, that Wells was unable to afford counsel, the issues in this case are complex, he has limited access to his prison's law library, and limited knowledge of the law. (See generally doc. 21.) That Motion did not mention any ongoing medical conditions. (Id.) Wells' Response, instead, relies on his medical condition to support his request. (See doc. 31 at 4-6.) The Court, therefore, considers whether those conditions merit appointment of counsel.

Wells, assisted by another prisoner, explains that he has suffered significant injury to his nose, apparently as a result of continued symptoms of his sarcoidosis. (See doc. 31 at 4.) Wells asserts that he cannot read correspondence, including correspondence from

---

[3] While the Court does not dismiss the apparent seriousness of Wells' medical condition, or the risk of irreparable harm that condition creates, (see doc. no. 31 at 4), it remains the case that the parties apparently able to provide care are not parties to this case. To the extent that Wells seeks relief from those parties, related to his ongoing treatment, he remains free to file a new action asserting those claims.

the Court, because when he tilts his head to read his nose begins to bleed and his eyes water, affecting his vision.  (Id. at 4, 6.)  While the Court is sympathetic to Wells' condition, it does not warrant appointment of counsel, given that the only remaining claim in this case is dismissed.  His renewed request for appointed counsel is, therefore, **DISMISSED** as moot.

For the reasons explained above, the Report and Recommendation is **ADOPTED**, (doc. no. 25).  Wells' Motion for Preliminary Injunction is **DENIED**.  (Doc. no. 22.) Defendant Black's Motion to Dismiss is **GRANTED**.  (Doc. no. 11.)  Wells' Complaint is **DISMISSED**.  (Doc. no. 1.)  The Clerk is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this _15th_ day of March, 2024.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA